# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Filed On: May 6, 2005

No. 02-7057

Covad Communications Company and Dieca Communications,
Inc., *d/b/a* Covad Communications Company,
Appellants

v.

Bell Atlantic Corporation, et al.,
Appellees

Appeal from the United States District Court
for the District of Columbia
(99cv01046)

On Appellants' Petition for Rehearing

———

**BEFORE**: Ginsburg, Chief Judge,* and Rogers and Tatel,*
Circuit Judges

## O R D E R

Upon consideration of appellants' petition for rehearing filed March 28, 2005, it is

**ORDERED** that the petition be denied.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

Deputy Clerk

* An opinion by Chief Judge Ginsburg, in which Circuit Judge Tatel joins, accompanies this order.

Opinion by Chief Judge GINSBURG with whom Circuit Judge TATEL joins.

GINSBURG, *Chief Judge*: Covad Communications Company petitions for rehearing of its antitrust case against Bell Atlantic Corporation. *See* 398 F.3d 666 (2005). For the reasons stated below, we deny the petition.

Covad first contends the court's decision "fails to apply existing antitrust standards and instead creates a *de facto* industry-specific exception to Section 2 of the Sherman Act." This claim is baseless; the court expressly addressed Covad's "refusal to cooperate" claims under existing antitrust standards. *See id*. at 672-73. Following and quoting from *Verizon Communications, Inc. v. Curtis V. Trinko, LLP*, 540 U.S. 398, 409 (2004), we explained that "[a]n antitrust claim based upon the defendant's refusal to cooperate with its competitor can withstand a motion to dismiss only when it is alleged either that the defendant had previously 'engaged in a course of dealing with its rivals, or that it would ever have done so absent statutory compulsion.'" 398 F.3d at 673. Covad had made no such allegation, *see id.* ("Covad alleges neither that Bell Atlantic had at one time voluntarily dealt with Covad nor that it would ever have been in Bell Atlantic's interest to have done so"), and Covad does not now claim otherwise.

Covad's second argument, that the court's holding "eliminates" the antitrust claim of a price squeeze, simply misreads our opinion. The court, following the reasoning of *Trinko*, held only that a claim of a price squeeze cannot lie when there has been no allegation the defendant would have made its loops available to its competitors absent statutory compulsion. *See id.* at 673-74.

Notably, the court did not face a circumstance similar to that in *Covad Communications Co. v. BellSouth Corp.*, 374 F.3d 1044, 1050-52 (2004), in which the Eleventh Circuit held a claim for predatory pricing of loops could proceed; in that case the complaint alleged the "basic prerequisites for ... price predation." Here, Covad did not argue its claim as one of price predation and, unsurprisingly, we did not treat it as such.

Covad's third ground for rehearing is that the court erred in finally disposing of Covad's claim that Bell Atlantic had brought a bad faith and baseless patent suit against Covad. Although on a motion to dismiss the court ordinarily assumes the truth of the facts alleged in the complaint and decides only the legal sufficiency of the pleadings, *see Covad*, 398 F.3d at 670-71, in this case Bell Atlantic urged the court to decide that Covad's claim of bad faith and baselessness failed as a matter of law because "[a]llowing [it] to proceed would penalize [Bell Atlantic's] legitimate recourse to the courts." Appellee's Br. at 41-42. As Bell Atlantic pointed out, we could evaluate the legitimacy of Bell Atlantic's patent suit solely by reference to the published opinions of the district court and the Federal Circuit, both of which had ruled against Bell Atlantic but neither of which had treated its suit as illegitimate. In the face of this argument Covad stood mute. Accordingly, we took "judicial notice of facts on the public record" – that is, consulted the relevant opinions – as a court may do upon a motion to dismiss, *see Marshall County Health Care Auth. v. Shalala,* 988 F.2d 1221, 1228 (D.C. Cir. 1993) (court may look to record of another proceeding "to avoid unnecessary proceedings when an undisputed fact on the public record makes it clear that the plaintiff does not state a claim upon which relief could be granted"), and concluded Bell Atlantic's suit was not objectively baseless. 398 F.3d at 677.

In sum, although Covad had an opportunity to rebut Bell Atlantic's argument for deciding the factual sufficiency of Covad's claim, it adduced no countervailing considerations. As we have said before, "something … outweighs nothing every time." *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989).

For the foregoing reasons, the petition for rehearing is

*Denied.*